UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD G. RADSKE,

                Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, ET AL.,

                Defendants.

_____/

Case No. 15-14107

Paul D. Borman
United States District Judge

OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 7)

Plaintiff Ronald G. Radske originally filed this action in St. Clair County Circuit Court on October 19, 2015.  (ECF No. 1.)  Thereafter, Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc. (collectively, "Defendants") removed the action based on complete diversity of the parties on November 23, 2015.  (*Id.*)

Now before the Court is Defendants' Motion to Dismiss which was filed on January 22, 2016.  (ECF No. 7.)  On February 11, 2016, the Court entered a stipulated order granting Plaintiff an extra fourteen days to file a response to the motion to dismiss.  (ECF No. 9.)  Despite the stipulated order granting an extension, Plaintiff has never filed a response to Defendants' motion to dismiss.  (ECF No. 9.)

The hearing on Defendants' motion to dismiss was held on June 29, 2016.  For the following reasons, the Court will grant Defendants' motion to dismiss and dismiss this action with prejudice.

## I. FACTUAL BACKGROUND

A.       Mortgage

On April 20, 2001, Plaintiff and Shannon M. Radske obtained a mortgage loan (the "Loan") in the amount of $93,000.00 from non-party lender Flagstar Bank. (Defs.' Ex. A, the Note.) Plaintiff and Shannon Radske also executed a promissory note payable to Flagstar Bank on the same date. (*Id*.) As security for the Loan, Plaintiff and Shannon Radske granted a mortgage (the "Mortgage") to Flagstar Bank against the real property located at 1318 18th Street, Port Huron, Michigan (the "Property"). The Mortgage was duly recorded on May 4, 2001 in Liber 2173, Page 32 of St. Clair County Records. (Defs.' Ex. B, the Mortgage; Compl., at ¶ 12.)

In 2008, Plaintiff and Shannon Radske divorced. (Compl., at ¶ 9, n. 1.) That same year, ostensibly as a result of the divorce, Plaintiff obtained fee simple ownership of the Property pursuant to a Quit Claim Deed recorded on January 14, 2008 in Liber 3803, Page 61 of St. Clair County Records. (Compl., at ¶ 9; Compl., Ex. 1, Real Estate Index.)

The Mortgage was then assigned to non-party CitiMortgage, Inc. as evidenced by an assignment dated April 30, 2012 and recorded on June 12, 2012 in Liber 2458, Page 1025 of St. Clair County Records. (Compl., at ¶ 13; Compl., Ex. 3, 2012 Assignment; Defs.' Ex. C, Assignment.) The Mortgage was next assigned to Defendant Fannie Mae as evidenced by an assignment dated February 11, 2014 and recorded on February 19, 2014, in Liber 4482, Page 567 of St. Clair County Records. (*Id*., at 14; Compl. Ex. 4, 2014 Assignment; Defs.' Ex. C, Assignment.)

2

Defendant Fannie Mae was the owner of the Loan, and the servicing rights of the Mortgage were transferred to the current servicer, Defendant Seterus, in February 2014.  (Defs.' Ex. D, Transfer of Servicing to Seterus.)

B.      Default and Foreclosure Sale

At some point in time, Plaintiff "came upon hard economic times and Plaintiff was temporarily unable to meet the payment obligations under the Note and Mortgage."  (Compl., at ¶ 18.)  Plaintiff claims Defendants failed to send him a "Notice of Default" that allowed thirty days to cure the default as required by his Mortgage.  (*Id.*, at ¶ 20; Defs.' Ex. B, Mortgage.) Plaintiff further alleges that Defendants wrongfully accelerated the debt and "nullified" Plaintiff's right to cure under the Mortgage.  (Compl., at ¶ 21.)

On or about March 18, 2015, Defendants initiated a foreclosure by advertisement.  On April 16, 2015, the Property was ultimately sold at a foreclosure sale to Defendant Fannie Mae for the amount of $77,528.03.  (Ex. E, Sheriff's Deed.)  The statutory redemption period expired on October 19, 2015.

C.      Plaintiff's Complaint

On October 21, 2015, Plaintiff filed the current action in 31st Circuit Court for the County of St. Clair.  (ECF No. 1, Notice of Removal.)  Defendants removed the action to this Court on November 23, 2015 on the basis of diversity jurisdiction.  (*Id.*)  Defendants filed the pending motion to dismiss on January 22, 2016.  (ECF No. 7.)  As noted *supra*, this Court entered a stipulated order allowing Plaintiff more time to respond to the current motion (ECF No. 9.) Plaintiff, however, failed to file a response to the motion to dismiss and, accordingly, Defendants did not file a reply.

3

## II. STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  To sufficiently state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal-Mart Stores*, Inc., 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  But the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Treesh*, 487 F.3d at 476 (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A plaintiff must provide more than "formulaic recitation of the elements of a cause of action ...  Factual allegations must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S. at 555 (internal citations omitted).  The Sixth Circuit has recently reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability.  The facts cannot make it merely possible that the defendant is liable; they must make it plausible."  *Agema v. City of Allegan*, --- F.3d ---, 2016 WL 3349206, at *3 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

4

In addition to Plaintiff's allegations in his complaint, and the documents attached to the same, the Court will also consider the documents attached to Defendants' motion and referenced in the pleadings: the Note, the Mortgage, the Assignments, Transfer of Servicing Notice from Defendant Seterus, the Sheriff's deed, Loan Modification Denial Letter, Foreclosure Notice, and Transfer Servicing Notice.  (Defs.' Mot., Ex. A-H.)  Although these documents are outside the pleadings, the Sixth Circuit has recognized that the "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in a plaintiff's complaint and are central to her claim."  *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citation omitted).  In a motion to dismiss, a court may also rely upon matters of public record.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (explaining that in deciding a motion to dismiss a court may consider, "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.").

All of Defendants' exhibits are matters of public record, or referenced in Plaintiff's allegations regarding Plaintiff's default on the Mortgage and are central to his claims regarding communications with Defendants.  Accordingly, these documents will be considered by the Court in evaluating Defendants' Motion to Dismiss.

III. ANALYSIS

A.      Wrongful Foreclosure

Plaintiff sets forth a claim of "Wrongful Foreclosure" against Defendants pursuant to

MICH. COMP. LAWS § 600.3201, *et seq*.  The Court notes that Plaintiff's complaint was filed

three days after the six-month statutory redemption period expired, on October 21, 2015.  (*See*

*Radske v. Federal National Mortgage Ass'n., et al.*, 31st Cir. Court St. Clair Ctny., Case ID, 15-

002547-CH.)  "In Michigan, once a foreclosure is complete and the redemption period following

the foreclosure has expired, a former owner loses all right, title, and interest in and to the

mortgaged property."  *Martini v. JPMorgan Chase Bank, N.A.*, 635 F. App'x 159, 162 (6th Cir.

2015) (quoting *Munaco v. Bank of Am.*, 513 F. App'x 508, 510 (6th Cir. 2013)).  To set aside a

foreclosure by advertisement a plaintiff must make "a sufficient showing of 'fraud or

irregularity'" in connection with the sheriff's sale of their properties to 'undo the divestment of

[the] property.'" *El-Seblani v. Indymac Mortg. Services*, 510 F. App'x 425, 429 (6th Cir. 2013)

(citing *Houston v. U.S. Bank Home Mortg. Wisc. Servicing*, No. 11-2444, 2012 WL 5869918, at

*5 (6th Cir. Nov. 20, 2012)); *see also Conlin v. Mortg. Elec. Reg. Sys., Inc.*, 714 F.3d 355, 359

(6th Cir. 2013) ("Michigan courts have held that once the statutory redemption period lapses,

they can only entertain the setting aside of a foreclosure sale where the mortgagor has made a

'clear showing of fraud, or irregularity.'") (citation omitted).

Additionally, "to set aside the foreclosure sale, plaintiffs must show that they were

prejudiced by defendant's failure to comply with [MICH. COMP. LAWS § 600.3204].  To

demonstrate this prejudice, a plaintiff must show that he or she would have been in a better

position to preserve his or her interest in the property without the defendant's noncompliance

6

with the statute." *Spadafore v. Aurora Loan Servs. LLC*, 564 F. App'x 168, 170 (6th Cir. 2014) (quoting *Kim v. JP Morgan Chase Bank, NA*, 493 Mich. 98, 115-15 (2012)). The Sixth Circuit has recognized that this is a "high standard." *Conlin*, 714 F. 3d at 359.

In the present action, Plaintiff alleges in his complaint that Defendants violated a number of both state and federal statutes in the foreclosure of the Property. The Court addresses each alleged violation in turn.

1.     MICH. COMP. LAWS § 600.3201, *et seq*.

Plaintiff first alleges that Defendants violated MICH. COMP. LAWS § 600.3201, *et seq*. by failing to provide a proper notice of default and engaging in dual tracking.

A notice of a foreclosure must be published for four successive weeks, at least once a week, in a newspaper published in the county where the premises to be sold are situated. MICH. COMP. LAWS § 600.3208. Additionally, a notice of foreclosure must be posted "in a conspicuous place upon any part of the premises described in the notice" within fifteen days of the first publication. *Id.* Plaintiff alleges that Defendants failed to provide the proper statutory notices because he "did not see" or "never saw" the published notices or the notice posted on the Property. (Compl., at ¶¶ 29-30.) These claims are belied by the affidavits attached to the Sheriff's Deed which provide that the notice of foreclosure was properly published for four weeks (3/18/15, 3/25/15, 4/1/15, and 4/8/15) and posted on the Property on March 27, 2015. (Defs.' Ex. E, Sheriff's Deed.) These affidavits are "presumptive evidence" that the notices were provided. MICH. COMP. LAWS § 600.3264. Thus, Plaintiff's claims that he merely did not see the notices does not create a plausible claim of wrongful foreclosure pursuant to § 600.3201. *See Derbabian v. Bank of Am., N.A.*, 587 F. App'x 949, 956 (6th Cir. 2014) (holding that the

bare assertion that the defendant failed to give "required notices" did not meet the pleading standards of FED. R. CIV. P. 8, and "[m]ore importantly, the sheriff's deed reflecting the foreclosure sale shows that the [plaintiffs] were given the statutorily required notices.").

Plaintiff's claim that Defendants engaged in "dual tracking" is also insufficient to support a claim of wrongful foreclosure under the Michigan statute. "Dual tracking refers to a common tactic by banks that institute foreclosure proceedings at the same time that a borrower in default seeks a loan modification." *Kloss v. RBS Citizens, N.A.*, 996 F.Supp.2d 574, 585 (E.D. Mich. 2014) (citing *Jolley v. Chase Home Finance, LLC*, 213 Cal.App.4th 872, 153 Cal. Rptr. 3d 546 (2013)). Michigan attempted to guard against this practice by providing that a lender had to wait 90 days before commencing foreclosure proceedings against a borrower who has requested a meeting with the lender, however, that statute has since been repealed effective as of June, 2014. *See* MICH. COMP. LAWS § 600.3205a(e) (repealed by P.A. 2014, No. 125 § 1.) Thus, Plaintiff's claims do not state a plausible claim of wrongful foreclosure based upon this alleged deficiency.

Accordingly, the Court finds that Plaintiff failed to set forth a plausible claim for wrongful foreclosure based upon MICH. COMP. LAWS § 600.3201, *et seq*.

2.     Real Estate Settlement Procedures Act Violations

Plaintiff also alleges that Defendant violated Real Estate Settlement Procedures Act ("RESPA") and 12 C.F.R. § 1024.41, *et seq*., by: (1) failing to notify Plaintiff of the transfer of the loan (compl., at ¶¶ 82-84); (2) by dual tracking (*id*., at ¶ 65); (3) by filing to provide notice that Plaintiff was not eligible for a loss mitigation program (*id*., at ¶ 66); and (4) by failing to inform Plaintiff of his mitigation options or how to obtain assistance (*id*., at ¶ 72). Plaintiff also alleges that "[a]t no time did Plaintiff fail to perform under any agreement on any loss mitigation

8

option" and Defendants "failed to fairly and adequately review all of the foreclosure alternatives that may have been available to Plaintiff." (*Id.*, at ¶¶ 68, 74.)

The Court finds that Plaintiff has failed to allege a plausible claim of wrongful foreclosure based upon the alleged RESPA violations. All of Plaintiff's allegations are rebutted by Defendants' evidence. To wit: the loan modification efforts and the foreclosure were not in process at the same time and Plaintiff's earlier trial loan modification was denied in June 2014 due to Plaintiff's inability to make the reduced payments. (Ex. F, 6/10/2014 Denial Letter.) Plaintiff was also advised of his loss mitigation options by Defendant Seterus on February 22, 2015 in a Foreclosure Notice Letter. (Ex. G, 2/22/2015 Foreclosure Notice Letter.) Plaintiff was also advised of the transfer of the Loan in January 2015 by non-party CitiMortgage, and advised again in February, 2015 by Defendant Seterus of the same. (Ex. D, 2/10/2015 Transfer of Servicing Notice from Seterus; Ex. H, 1/15/2015 Letter from CitiMortgage noting "effective 2/1/2015 all payments" must be sent to Seterus.)

Further, Plaintiff's claims regarding Defendants' RESPA violations are at most irregularities in the loan modification process that occurred contemporaneously with the foreclosure process. The Sixth Circuit has held, however, that such allegations are insufficient to plead a wrongful foreclosure claim because "[a]n alleged irregularity in the loan modification process [] does not constitute an irregularity in the foreclosure proceeding." *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 294 (6th Cir. 2015) (collecting authority).

3.     Truth In Lending Act Violations

Plaintiff's allegations regarding alleged Truth In Lending Act, 15 U.S.C. § 1601, *et seq.*, ("TILA") violations are also insufficient to anchor a wrongful foreclosure claim. As Defendants

correctly note, any TILA claim against Defendant Seterus fails as a matter of law because "TILA expressly exempts servicers from liability unless the servicer was also a creditor or a creditor's assignee." *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 719 (6th Cir. 2013). Further, Plaintiff's TILA claim against Defendant Fannie Mae is based upon the transfer of the Mortgage from non-party CitiMortgage to Defendant Fannie Mae, an event that occurred on or about February 19, 2014, the date the assignment was recorded. (Ex. C, Assignment of Mortgage.) Pursuant to 15 U.S.C. § 1641(g), within 30 days of the date a mortgage loan is sold or assigned the new owner or assignee of a mortgage loan must notify the borrower of the transfer in writing. Yet, pursuant to 15 U.S.C. § 1640(e), "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction within one year from the date of the occurrence of the violation." Plaintiff did not file the current action until October 21, 2015, outside the statutory limitations period. Thus, Plaintiff's allegation that Defendant Fannie Mae violated TILA is barred by the statute of limitations.

In summary, the Court will dismiss this claim because Plaintiff has failed to set forth a plausible claim of wrongful foreclosure based on any of the alleged state and federal statutory violations.

### B.     Breach of Contract

Plaintiff next alleges a claim of breach of contract based on Defendants' failure to properly send Plaintiff notice as required by Paragraph 22 of the Mortgage. (Compl., at ¶¶ 85-89.) Plaintiff also claims that Defendants breached the implied covenant of good faith and fair dealing. (*Id*., at ¶¶ 90-91.)

Paragraph 22 of the Mortgage states, in relevant part:

Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 19 unless Applicable Law provides otherwise.)  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.

(Defs.' Ex. B, Mortgage, at ¶ 22; Compl., at ¶ 87.)  "To recover for breach of contract under Michigan law, a plaintiff must allege: (1) the existence of a contract; (2) the terms of the contract; (3) that the defendant breached the contract; and (4) that the breach caused the Plaintiff's injury." *Derbabian*, 587 F. App'x at 953 (citation omitted).

In the present case, Defendants represent that Plaintiff received proper notice based on the Foreclosure Notice that was sent to Plaintiff on February 22, 2014.  (Defs.' Ex. G, Foreclosure Notice.)  Significantly, Plaintiff was also sent notice regarding his default and the possible acceleration of the Mortgage in 2014, and as a result of this notice, Plaintiff entered into a loan modification with Defendants.  Plaintiff failed to make the required payments, and he was notified on June 10, 2014 that the modification plan was "no longer valid" and that his loan was in default at that time.  (Defs.' Ex. F,  6/10/2014 Denial Letter.)  The Court notes that Plaintiff did not file a response to Defendants' motion to dismiss and did not rebut or contradict any of Defendants' arguments regarding this claim with any particularity during the hearing on this motion.

Given all these facts, the Court finds that Plaintiff has failed to set forth a plausible claim for breach of contract based upon Paragraph 22 of the Mortgage given the notices Plaintiff

received, including the notice that he was in default on June 10, 2014 more than a year prior to the foreclosure sale.

Additionally, Plaintiff's claim that Defendants violated the implied covenant of good faith and fair dealing must be dismissed as a matter of law. Quite simply, "Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 476 (Mich. Ct. App. 2003) (citing *Ulrich v. Fed. Land Bank of St. Paul*, 192 Mich. App. 194, 197 (Mich. Ct. App. 1991)). Accordingly, the Court will dismiss this claim.

C.     Fraudulent Misrepresentation

Pursuant to Federal Rule of Civil Procedure 9(b) a claim of fraud must be pled with particularity.

> To meet the particularity requirement, a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (internal quotation and citation omitted). Plaintiffs must, "at a minimum, ... allege the time, place[,] and contents of the misrepresentation upon which they relied." *Id.* They also must allege facts from which it could be concluded that their reliance was reasonable. *See Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App. 675, 599 N.W.2d 546, 553-54 (1999).

*Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 752 (6th Cir. 2012).

In the present case, Plaintiff's claims that Defendants made fraudulent misrepresentations to Plaintiff that "they would not begin foreclosure proceedings while the parties were actively pursuing loan modification or other financial assistance options." (Compl., at ¶ 93.) This single, vague allegation regarding the alleged fraudulent misrepresentation does not meet the exacting pleading requirement of Rule 9(b). Plaintiff does not specify the time, the place, or exact

12

contents of the statement, nor does Plaintiff allege any facts from which it could be concluded that his reliance was reasonable.  Thus, Plaintiff has failed to plausibly allege a claim of fraudulent misrepresentation and the claim will be dismissed.  *See Smith*, 485 F. App'x at 752.

D.    Slander of Title

"In Michigan, slander of title claims have both a common-law and statutory basis." *Derbabian*, 587 F. App'x at 958 (quoting *B&B Inv. Grp. v. Gitler*, 229 Mich. App. 1, 8 (Mich. Ct. App. 1998)).  Both common law slander and MICH. COMP. LAWS § 568.108 require that a plaintiff show "falsity, malice, and special damages, i.e. that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *Gitler*, 229 Mich. App. at 8.  "Malice may not be inferred merely from the filing of an invalid lien; the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury." *Stanton v. Dachille*, 186 Mich. App. 247, 262 (Mich. Ct. App. 1990).

In the present case, Plaintiff failed to plead that Defendants acted with the requisite malice.  Indeed, the entirety of the Plaintiff's allegations to support this claim, beyond allegations regarding the damages incurred, are: "Michigan recognizes slander of title claims both in statute (MCL 565.108) and at common law, and Plaintiff brings this cause of action under both theories.  As stated above, Plaintiff took title to the subject property by Quit Claim Deed."  (Compl., at ¶¶ 100-01.)  Plaintiff's threadbare allegations do not set forth a plausible claim of slander of title (at common law or pursuant to the statute) and fail to even set forth all of the required elements.

Accordingly, the Court will dismiss this claim.

E.      Declaratory Relief Foreclosure Barred by Unclean Hands

Plaintiff also claims that "Defendants' above-referenced conduct constitutes multiple instances of bad faith negotiations with Plaintiff, as well as bad faith processing of his mortgage loan and/or request for modification.  Although Defendants seek the equitable relief of foreclosure, Defendants cannot make the requisite showing of clean hands in order to obtain such relief."  (Compl., at ¶¶ 106-07.)

A court in this district has dismissed the identical claim in a similar mortgage foreclosure action and explained:

> "[D]eclaratory relief is a remedy [ ], not a claim."  *Mettler Walloon, L.L.C. v. Melrose Twp.*, 281 Mich. App. 184, 220 (Mich. Ct. App. 2008) (citations omitted).  Similarly, the doctrine of unclean hands is not a claim; rather the "clean-hands doctrine closes the doors of equity to one tainted with inequitableness or bad faith to the matter in which he or she seeks relief, regardless of the improper behavior of the defendant."  *Richards v. Tibaldi*, 272 Mich. App. 522, 537 (Mich. Ct. App. 2006).

*McCann v. U.S. Bank, N.A.*, 873 F. Supp. 2d 823, 848 (E.D. Mich. 2012); *see also Soto v. Wells Fargo Bank, N.A.*, No. 11-14064, 2012 WL 113534, at *5 (E.D. Mich. Jan. 12, 2012) (Cohn, J.) (dismissing the identical claim and noting "the 'unclean hands' doctrine does not state a cause of action.").  The Court finds Plaintiff's "unclean hands" claim is not an actionable claim and will therefore dismiss the claim.

F.      Preliminary Injunction

Plaintiff seeks a preliminary injunction staying or tolling the expiration of the redemption period and enjoining the eviction of Plaintiff from the Property.  (Compl., at ¶¶ 109-19.)  As the Court finds that all of those claims should be dismissed, however, Plaintiff cannot show any likelihood of success on the merits of his claims related to setting aside the foreclosure sale.

14

Further, to the extent Plaintiff was seeking to "keep the status quo" and avoid eviction during these proceedings it appears that Plaintiff has succeeded.  There has been nothing filed in this case indicating that Plaintiff has been evicted from the Property.  For all these reasons, the Court will dismiss Plaintiff's claim for preliminary injunction.

      G.     Request for Equitable Mortgage and/or Conversion to Judicial Foreclosure

The last claim in Plaintiff's complaint is a "Request for Equitable Mortgage and/or for Conversion to Judicial Foreclosure under MCL § 600.3101, et seq."  (Compl., at ¶¶ 120-26.)

Plaintiff's request that this Court convert the foreclosure by advertisement to a judicial foreclosure must be dismissed as a matter of law.  As Plaintiff recognized in his own complaint, the statute that allowed the conversion of a pending foreclosure by advertisement into a judicial foreclosure,  MICH. COMP. LAW § 600.3205(c), was repealed effective June 30, 2014.  (Compl., at ¶¶ 123-24.)  Plaintiff further noted in his Complaint that when that statute was repealed "it extinguished the only avenue of relief by way of judicial foreclosure which a wronged borrower had..."  (*Id.*, at 124.)  Thus, as pled and recognized by Plaintiff in his own complaint, any claim to convert the completed foreclosure by advertisement into a judicial foreclosure has no plausible basis in law and must be dismissed.

Plaintiff's request for an equitable mortgage is similarly implausible.  In the present case, Plaintiff appears to request an equitable mortgage as a remedy for an alleged wrongful foreclosure such that the Court set aside the foreclosure and impose the equitable mortgage on the Property.  The Court, however, is aware of no case law to support such a request in a similar context.  The Sixth Circuit has explained:

> An equitable mortgage is generally imposed when one party intended to grant a secured interest but the instrument actually transferred the property in total to the

15

other party. *See Townsend v. Chase Manhattan Mortg. Corp.*, 254 Mich.App.
133, 657 N.W.2d 741, 744 n. 1 (2002) (discussing the normal uses of equitable
mortgages). Michigan law is clear that equitable mortgages are appropriate in
circumstances where the underlying mortgage is void, particularly when one party
received the benefits of the mortgage. *See Fair v. Moody*, No. 278906, 2008 WL
5382648 (Mich. Ct. App. Dec. 23, 2008) (holding that an equitable mortgage can
exist where there are allegations of forged mortgage instruments); *In re Estate of
Moukalled*, 269 Mich.App. 708, 714 N.W.2d 400, 407-09 (2006) (granting an
equitable mortgage where a land contract, which purported to give a security
interest in real property, was invalid under the Uniform Commercial Code).

*In re Sutter*, 665 F.3d 722, 728 (6th Cir. 2012).

In the present case, Plaintiff has made no allegations that the Mortgage was invalid, void,

or forged and therefore there are no allegations that could plausibly support a claim for an

"equitable mortgage."  Accordingly, the Court will dismiss Plaintiff's request for an equitable

mortgage.

## IV. CONCLUSION

For all these reasons, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 7)

and DISMISSES this action WITH PREJUDICE.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


Dated:  July 11, 2016

16

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2016.

s/Deborah Tofil
Case Manager